IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| EVOL BUONOCORE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | No. 3:14-CV-067 (CAR) |
| CREDIT ONE BANK, N.A., | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

### ORDER ON DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT

Before the Court is Defendant Credit One Bank's Motion to Set Aside Entry of Default [Doc. 5]. On August 29, 2014, Plaintiff moved for the Clerk to enter default as to Defendant, and on September 3, 2014, they did so. Defendant now files this instant Motion requesting that the Court set aside the Entry of Default. For the following reasons, the Court **GRANTS** Defendant's Motion [Doc. 5].

### BACKGROUND

Plaintiff filed her Complaint on July 17, 2014, claiming that Defendant violated the Telephone Consumer Protection Act ("TCPA")[1] by using an automatic dialing system to repeatedly call her about an alleged auto loan debt that she owed Defendant.

---

[1] 47 U.S.C. § 227 *et seq.*

1

The Complaint was served on July 22, 2014, and Defendant's answer was due on August 12, 2014.

The parties spoke on August 7, 2014 regarding Plaintiff's claims.  At that time, Defendant told Plaintiff that it did not service auto loans, and Plaintiff's counsel sent a confirmation email to Defendant that Plaintiff would file an amended complaint removing the auto-loan-related language.  Defendant believed that it did not need to file an answer to the Complaint because an amended complaint was forthcoming.  Plaintiff never filed an amended complaint.

On August 18, 2014, Defendant inquired why Plaintiff had not filed an amended complaint.  At that time, despite the fact that Defendant's answer was already overdue, Plaintiff's counsel gave Defendant two weeks in which to submit a settlement offer.  Defendant emailed a settlement offer to Plaintiff, and Plaintiff did not respond to Defendant's offer.  Instead, Plaintiff motioned the Court to enter default for Defendant's failure to timely file an answer.  Default was entered.[2]

---

[2] Defendant discovered that default had been entered when its counsel checked the electronic docket.  After discovering the entry of default, Defendant asked Plaintiff to set aside the default.  When Plaintiff refused, Defendant submitted the present Motion to the Court.

**DISCUSSION**

**I.     Legal Standard**

Generally, a party must serve an answer within twenty-one (21) days of being served with the summons and complaint.[3] Under Federal Rule of Civil Procedure 55(a), when a defendant has failed to plead or otherwise defend an action, the clerk shall enter a default judgment against the defendant. Once default is entered, however, it can be set aside upon a showing of good cause.[4] The good cause standard used in setting aside an entry of default is less rigorous than the excusable neglect standard used in setting aside a default judgment.[5] A court has discretion in deciding whether to set aside an entry of default.[6]

The Eleventh Circuit has recognized that good cause is not susceptible to a precise formula, although some general guidelines are commonly applied.[7] "Courts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious

---

[3] FED. R. CIV. P. 12(a)(1)(A)(i).
[4] FED. R. CIV. P. 55(c).
[5] *Equal Emp't Opportunity Comm'n v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524,528 (11th Cir. 1990).
[6] *Robinson v. United States*, 734 F.2d 735, 739 (11th Cir. 1984).
[7] *Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d, 948, (11th Cir. 1996) (finding the good cause standard from Rule 55(c) is not rigidly defined and varies from situation to situation); *see also Heaton v. Bonacker & Leigh*, 173 F.R.D. 533, 535 (M.D. Ala. 1997).

defense."[8]  Moreover, in the Eleventh Circuit, judgments by default are viewed with disfavor.[9]  As such, courts are instructed to consider a default judgment as "a drastic remedy which should be used only in extreme situations,"[10] and encouraged to "respect the usual preference that cases be heard on the merits rather than resorting to sanctions that deprive a litigant of his day in court."[11]

## II.    Analysis

After reviewing the parties' briefs, the Court finds that Defendant establishes good cause to set aside the entry of default.  The purpose of the entry of default is to give notice to a party that unless they engage in the litigation process, they could lose their right to do so.  It is not meant, however, as a tactical device to be used to avoid litigation of a claim on the merits.  Here, it is clear that the parties had open lines of communication and were engaged in active negotiations.

Defendant failed to timely file its answer based on Plaintiff's representations that she would file an amended complaint.  Plaintiff does not dispute that her counsel said she would file an amended complaint.  Indeed, based on Defendant's representations that it would submit a settlement offer, Plaintiff confirms that she "granted" an extension after Defendant's deadline to answer had expired.  Defendant

---

[8] *Id*.
[9] *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003).
[10] *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316–17 (11th Cir. 2002) (quotation omitted).
[11] *Id*. at 1317 (11th Cir. 2002).

made an offer to Plaintiff, but she found the settlement offer "insulting" and responded by filing a Motion for Default with this Court.[12] Although it seems the parties believed such communication between each other was sufficient and that there was no need to file a motion with this Court—they were mistaken.[13]

The Court notes that parties cannot grant extensions to each other without motioning the Court.[14] However, a good faith procedural error is not considered willful.[15] Therefore, Defendant's misguided reliance on communications with Plaintiff cannot serve as a reason for default where there is evidence that the failure was based on a miscommunication between parties that are both active in the litigation process. Moreover, not only Defendant, but both parties, demonstrated a misunderstanding of procedure; however, neither party has demonstrated a willful evasion of the Rules.

Furthermore, a defendant need only show a "hint of a suggestion" to meet the requisite standard of a meritorious defense.[16] In the instant action, Defendant has proffered a meritorious defense,[17] and Plaintiff has failed to show that she would be

---

[12] Pl. Response to Motion, Doc 6. at. 2.
[13] Under Local Rule 6.1, parties may stipulate to an extension of the pleading deadlines if the stipulation is written and filed with the court.
[14] FED. R. CIV. P. 6(b)(1); *see also id.*
[15] *See, e.g., In re Johnson*, 90-11663, 1991 WL 11002465 (Bankr. S. D. Ga. Nov. 11, 1991) (finding good cause where counsel for defendant was under an erroneous impression as to when the response time began to run).
[16] *Moldwood Corp. v. Stutts*, 410 F.2d 351 (5th Cir. 1969). The Eleventh Circuit has adopted as binding precedent all decisions issued by the former Fifth Circuit prior to October 1, 1981. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).
[17] *Domineck v. One Stop Auto Shop, Inc.*, 1:12-CV-3673-TWT, 2014 WL 4660790, at *3 (N.D. Ga. Sept. 17, 2014).

5

prejudiced outside of the need to litigate her case.  Because of the preference to decide cases on their merits, the requirement to litigate is not sufficient prejudice to deny the setting aside of an entry of default.[18]

## CONCLUSION

For the foregoing reasons, the Court finds that Defendant has shown good cause to set aside the entry of default.   Accordingly, Defendant's Motion to Set Aside Entry of Default [Doc. 5] is **GRANTED**.  The Clerk of Court is directed to **VACATE** the entry of default [Docket entry September 3, 2014] and to **REOPEN** the action against the Defendant.  Defendant has seven (7) days from the date of this Order to file an Answer to Plaintiff's Complaint.

**SO ORDERED,** this 21st day of November, 2014.


                              S/  C. Ashley Royal
                              C. ASHLEY ROYAL
                              UNITED STATES DISTRICT JUDGE

JRF/ssh

---

[18] *See Washington v. Rogers*, CV406-111, 2007 WL 1732575, at *2 (S.D. Ga. June 14, 2007) ("Prejudice is not shown by the simple delay that will inherently attend in resolving a case from the setting aside of a judgment.").